**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLADISLAV DAVIDZON., | No. 2:20-CV-2221-JAM-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SF MARKETS, LLC, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' unopposed motion to dismiss, ECF No. 6.

**I. PLAINTIFF'S ALLEGATIONS**

This action proceeds on Plaintiff's original complaint, filed in the Shasta County Superior Court and removed to this Court based on federal question jurisdiction. See ECF No. 1. Plaintiff's complaint, which is presented on a state court small claims form, contains the following declaration of alleged facts:

> On September 1, 2020, Corey Cockrum and SF Markets, LLC, refused to honor their obligations under the Americans with Disabilities Act to allow me to shop without a mask. Redding Police were called at my request.
>
> When the officer arrives, he walked into the store without a mask and announced that he will not enforce the mask orders. SF Markets, LLC, explicitly allowed the officer into the store without the mask. Corey

1

> Cockrum and assistant threatened me with a citizen's arrest for trespassing if I refused to leave the store, so I complied.
>
> Grocery stores sell groceries and also the shopping experience itself. Forced curbside pickup denies medically-exempt customers the experience, and is thus insufficient per Americans with Disabilities Act and California Civil Code Section 51b.
>
> Corey Cockrum stated that he was simply following CDC guidelines. This is blatantly false, as CDC website now explicitly states "don't attempt to force anyone who appears to be angry or violent to follow COVID-19 prevention policies."
>
> I am requesting the court issue an injunction requiring Cockrum and SF Markets, LLC, to allow me to both enjoy the shopping experience and purchase groceries, without a mask, just as any other customer in their store may do with a mask, and to provide appropriate financial compensation for the damages incurred.

ECF No. 1-1, pg. 8.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

1   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
2   allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The
3   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
4   570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
5   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
6   Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but
7   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
8   Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a
9   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
10  to relief." Id. (quoting Twombly, 550 U.S. at 557).
11          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
12  outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
13  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1)
14  documents whose contents are alleged in or attached to the complaint and whose authenticity no
15  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
16  and upon which the complaint necessarily relies, but which are not attached to the complaint, see
17  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
18  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
19  1994).
20          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
21  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
22  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

25          In their unopposed motion to dismiss, Defendants argue: (1) Plaintiff fails to state
26  a prima facie claim under the Americans with Disabilities Act or California state law because he
27  has not alleged he has a qualifying disability; and (2) Defendant Cockrum must be dismissed as
28  an improper defendant. For the reasons discussed below, the Court agrees.

A. **Qualifying Disability**

Plaintiff brings this action under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. See ECF No. 1-1, pg. 8.

The ADA bars discrimination against any individual on the basis of disability. See 42 U.S.C. § 12182(a); see also Miller v. California Speedway Corp., 536 F.3d 1020, 1024 (9th Cir. 2008). It is axiomatic that an ADA claimant must allege the existence of a disability within the meaning of the act. See Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Moreover, the ADA claimant must allege, and later prove, that the disability results in a "substantial limitation of a major life activity." 42 U.S.C. § 12102(1)(A).

Under the Unruh Civil Rights Act, a violation of the ADA also constitutes a violation of state law. See Cal. Civil Code § 51(f). Additionally, the Unruh Civil Rights Act generally prohibits discrimination by businesses based on disability. See Cal. Civil Code § 51(b). Finally, a claimant presenting an Unruh Civil Rights Act claim not based on a violation of the ADA must allege facts establishing that the defendant intentionally discriminated against a disabled person because of the disability. See Lentini v. California Ctr. For the Arts, Escondido, 370 F.3d 837, 846-7 (9th Cir. 2004).

The Court agrees with Defendants that Plaintiff's complaint fails to allege sufficient facts to sustain a claim under either the ADA or Unruh Civil Rights Act because Plaintiff has not alleged the existence of any disability, let alone a disability that results in a substantial limitation of a major life activity. Plaintiff should be provided leave to amend to attempt to cure this defect.

B. **Improper Defendant**

Defendants argue:

> Title III of the ADA provides disabled individuals redress for discrimination by "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff does not allege—nor can he—that Cockrum owns, leases, or operates the Store at issue or any other Sprouts store location. Indeed, individuals who are merely employees of a public accommodation cannot be held liable under the ADA. *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 217

4

(E.D.N.Y. 1999); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994). As such, Plaintiff's claim against Cockrum for violation of the ADA must be dismissed.

ECF No. 6-1, pg. 16.

The Court agrees that Defendant Cockrum should be dismissed because Plaintiff has not alleged that he owns, leases, or operates a place of public accommodation. The Court does not, however, find that such dismissal must be with prejudice at this time. While Defendants suggest that Cockrum is merely an employee who cannot be held liable, there is no evidence currently before the Court upon which such a finding can be made.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' unopposed motion to dismiss, ECF No. 6, be granted; and
2. Plaintiff be directed to file a first amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE